## JEROME F. MANNING *vs.* CHARLES C. PERKINS.

### York. Opinion December 14, 1892.

*Attorney. Champerty. Collection of Alabama claims.*

An agreement is not champertous which provides that an attorney shall for a certain share of the sum recoverable prosecute the claim of his client for a portion of the award received by the United States from Great Britain on account of depredations committed on American shipping by rebel cruisers, although the agreement was entered into before the Court of Commissioners of Alabama claims was created by Congress, and the agreement stipulates that the attorney's services shall be rendered in prosecution of the claim before any of the courts of the United States and before any officer or commission or convention that might be specially organized to take cognizance of such claims.

ON EXCEPTIONS.

The following is the plaintiff's declaration to which the defendant demurred :

"In a plea of covenant broken, for that the said defendant at said Kennebunkport on the twenty-sixth day of December, A. D., 1876, by his certain writing, by him signed and sealed with his seal, and here in court to be produced, bearing date the same day, in consideration that the said plantiff agreed to take exclusive charge and control of a certain claim which the said defendant then and there held against the Government of the United States for insurance premiums paid for war risks on the ship "Addison" and the charters and freight of said vessel from October 24, 1862, to January 2, 1865, both inclusive as

per schedules hereto, . . . amounting to eight thousand six hundred eighty-three and fifty one-hundreths dollars, more or less, and to prosecute the same before any of the courts of the United States, and upon appeal to the Supreme court of the United States, or before any departments of the Government, or before the Congress of the United States, and before any officer or commission or convention specially authorized to take cognizance of said claim, or through any diplomatic negotiations as may be deemed by him best for the interest of said defendant, covenanted that he would pay the said plaintiff a sum equal to twelve and one half per cent of the amount which might be allowed on said claim.

"And the plaintiff avers that heretofore, to wit, on the twenty-sixth day of December, A. D., 1876, at said Kennebunkport he did take exclusive charge and control of said claim, and that heretofore, to wit, on the first day of January, A. D., 1877, at Washington in the District of Columbia and at divers other times and places he did prosecute said claim before the Congress of the United States and before the Court of Commissioners of Alabama Claims, and before all other officers, commissions and conventions authorized to take cognizance of said claim, as was by him deemed best for the interests of said defendant, whereby said Court of Commissioners at Washington aforesaid heretofore, to wit, on the 15th day of January, A. D., 1884, allowed upon said claim the sum of, to wit, four thousand and ninety-four dollars and twenty-three cents, (of which said sum the defendant has received the sum of one thousand four hundred and forty dollars and seventeen cents,) whereby said plaintiff ought to recover the sum of five hundred and one dollars and forty-two cents being twelve and one half per cent of said sum $4094.23.

And the plaintiff avers that heretofore, to wit, on the fifteenth day of January, A. D., 1884, he duly demanded payment of said sum of said defendant," &c.

The demurrer was overruled and the defendant excepted.

*J. F. Manning, pro se.*

*Fairfield and Moore*, for defendant.

Champerty: *Lathrop* v. *Amherst Bank*, 9 Met. 489; *Lancy* v. *Havender*, 146 Mass. 615; *Belding* v. *Smythe*, 138 Mass. 530; *Williams* v. *Fowle*, 132 Mass. 385; *Thurston* v. *Percival*, 1 Pick. 415. In *Manning* v. *Sprague*, 148 Mass. 18, the Court say that by the contract made before the act of Congress, no suit was to be brought. Here a suit is contemplated. No contract for a suit in any of the cases relied on by plaintiff.

It is against public policy that a contract to prosecute a claim before Congress, or before any legislative body, for a share thereof should be sustained. *Coquillard* v. *Bearss*, 21 Ind. 479; *Trist* v. *Child*, 21 Wall. 441; *Weed* v. *Black*, 2 Mac-Arthur, 268.

PETERS, C. J. The agreement set out in the declaration, demurred to by the defendant, is not champertous. It requires no suit in law or equity to be prosecuted as a litigation. There was no party to be sued. The United States may be petitioned, but not sued. There was really no defendant to oppose any claim. There was not even a court before which to prosecute claims. The Alabama Claims Commission was not a common law court in any sense.

The policy of the rule which inhibits champertous contracts does not apply to the present contract. Contracts of this kind do not have any tendency to foment litigation, or to encourage unjust claims against the government. The United States held the amount of the award received from the British government as a trustee for its owners, and not only did not oppose any rightful claim, but invited owners to present their claims, in order to be able to make a proper distribution of such fund. But no judgment against the United States government could be enforced without its assent.

These views are in accordance with decisions in late cases in other courts, where the question has been on principle and authority much elaborated. The case of *Manning* v. *Sprague*, 148 Mass. 18, covers all the ground.

It is contended, however, that the contract in the Massachu-

setts case differs from the present one, because that contract was entered into after the act of Congress was passed constituting the Alabama Claims Court, and required a prosecution of the claim before that tribunal, whilst this contract was consummated before the creation of that tribunal. This criticism is founded on a clause of the contract in this case which provides that the plaintiff shall prosecute the defendant's claim "before any of the courts of the United States, and, upon appeal to the United States Supreme Court, before that court, and before any officer or commission or convention specially organized to take cognizance of said claim," &c., &c. We do not appreciate any difference whether the contract preceded or followed the act of Congress establishing the court or commission. The claim was to be prosecuted before any tribunal, already created or to be created, which might have jurisdiction of such claim. In no interpretation of the contract, could it be said that any suit, strictly involving litigation, was expected. *Bachman* v. *Lawson,* 109 U. S. 659.

*Demurrer overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.